David S. Wilson, III (SBN 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:   (949) 862-4656
Facsimile:   (901) 492-5641
dswilson@fedex.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONATAN CALDERON, an individual,<br><br>                     Plaintiff,<br><br>          v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware corporation; JACOB ARCHULETA, an individual; and DOES 1 through 20, inclusive,<br><br>                     Defendants. | **Case No.** 4:23-cv-05217<br><br>[Alameda County Superior Court Case No. 23CV041618]<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  August 30, 2023<br>Trial Date:         Not Set |

**TO PLAINTIFF YONATAN CALDERON, HIS ATTORNEY, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the fraudulent joinder doctrine, Defendant Federal Express Corporation aka FedEx Express (hereinafter "Defendant" or "FedEx Express") hereby removes the above-captioned action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

This removal is based on diversity jurisdiction and the fraudulent joinder doctrine. As set forth below, this case meets the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. For these reasons Plaintiff cannot avoid this Court's jurisdiction.

As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Alameda, and serving upon Plaintiff and his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with these removal papers attached thereto.

In support of this Notice of Removal, Defendant states the following:

## I. JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between "citizens of different States." As set forth below, this case meets each requirement of section 1332 for removal and is timely and properly removed by the filing of this Notice. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446.

## II. STATE COURT PROCEEDINGS

2. On August 30, 2023, Plaintiff Yonatan Calderon ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Alameda, entitled *Yonatan Calderon v. Federal Express Corporation, et al.*, ACSC Case No. 23CV041618. (Declaration of David S. Wilson, III ["Wilson Dec."] at ¶ 4, Ex. 1). Plaintiff sues corporate defendant Federal Express Corporation and individual defendant Jacob Archuleta. *Id.* Plaintiff alleges the following causes of action against the corporate defendant: (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of the FEHA; (3) Failure to Provide a Reasonable Accommodation in Violation of the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                    2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

FEHA; (4) Failure to Engage in a Good Faith Interactive Process in Violation of the FEHA; and (5) Wrongful Termination in Violation of Public Policy. *Id.*

3.      As against the individual defendant Jacob Archuleta (hereinafter "Individual Defendant" or "Archuleta"), Plaintiff asserts only one cause of action: Retaliation in Violation of the FEHA. (Complaint, p. 9:10-12).

4.      Plaintiff alleges he "has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits." (Complaint, ¶ 28). Thus, he seeks "past and future lost wages, bonuses, commissions, benefits [including retirement benefits] and loss or diminution of earning capacity," plus "general damages for emotional and mental distress and aggravation." (Complaint, ¶¶ 29, 30, and Prayer for Relief). Further, Plaintiff states that "[b]ecause the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff," he requests punitive damages. (Complaint, ¶¶ 31, 42, 54, 62, 70, 79, and Prayer for Relief). Moreover, Plaintiff seeks "attorney's fees and costs, including expert witness fees pursuant to the FEHA." (Complaint, ¶¶ 43, 55, 63, 71, and Prayer for Relief). And finally, Plaintiff requests a declaratory judgment "reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices," and "injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants," plus "any other relief that is just and proper." (Complaint, Prayer for Relief).

5.      On September 12, 2023, Plaintiff served the Summons and Complaint, and related papers, on FedEx Express. (Wilson Dec. at ¶ 5).

6.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders filed

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                3

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

in this action are attached to the Wilson Dec. and consist of the Summons and Complaint (Ex. 1 to Wilson Dec.), a Civil Case Cover Sheet and Civil Case Cover Sheet Addendum (Ex. 2 to Wilson Dec.), a Notice of Case Assignment (Ex. 3 to Wilson Dec.), a Notice of Case Management Conference (Ex. 4 to Wilson Dec.), a Certificate of Mailing (Ex. 5 to Wilson Dec.), and FedEx Express's Answer to the Complaint (Ex. 6 to Wilson Dec.).

## III.   THE INDIVIDUAL DEFENDANT SHOULD BE DISREGARDED FOR PURSPOSES OF DIVERSITY JURISDICTION BECAUSE HE IS FRADULENTLY JOINED—I.E., A SHAM DEFENDANT

7.     As to the Individual Defendant Archuleta, Plaintiff asserts only one cause of action: Retaliation in Violation of the FEHA (COA #2). This cause of action fails. Plaintiff named the Individual Defendant solely to avoid the rightful forum for his claims against FedEx Express.

8.     The law is clear that a defendant may remove a case with a non-diverse defendant based on diversity jurisdiction by demonstrating that the plaintiff fails to state a cause of action against the non-diverse defendant. A defendant may do so by presenting facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 806-07 (N.D. Cal. 1998) (finding that joinder of a non-diverse defendant was fraudulent and would not preclude removal).  In determining whether a plaintiff has failed to state a cause of action, a court must assess "the pleadings that exist at the time of removal and the possible claims that have any viability given the facts actually pled—not hypothetical factual scenarios not contained in the pleadings." *Medrano v. Genco Supply Chain Sols.,* No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016, at *13 (E.D. Cal. Jan. 11, 2011), *report and recommendation adopted,* No. 1:10-cv-01555-LJO-SKO, 2011 WL 346523 (E.D. Cal. Feb. 1, 2011). However, district courts may consider "the facts showing the joinder to be fraudulent" alleged by a defendant and may look beyond the pleadings, including at declarations and affidavits. *Duran v. DHL Express (USA), Inc.,* No. CV 15-09965-BRO (Ex), 2016 WL

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                        4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

742864, at *6 (C.D. Cal. Feb. 24, 2016).

9. Here, liability for retaliation under the FEHA does not extend to "nonemployer individuals." *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008). Since Plaintiff has failed to state a claim against the non-diverse defendant, Archuleta, this case is eligible for removal based on diversity jurisdiction, as further discussed below.

## IV. FEDERAL EXPRESS CORPORATION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness

10. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." As is set forth above, Plaintiff served the Complaint on FedEx Express on September 12, 2023. (Wilson Dec. at ¶ 5). Therefore, removal is timely, as the action is being removed within the thirtieth day of service in accordance with 28 U.S.C. § 1446(b)(1) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C).

### B. Venue

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because this action was originally filed in Alameda County Superior Court, located within the Northern District. Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a) and (b)(2).

### C. Procedural Requirements

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as Exhibits 1-5 to the Wilson Dec. in Support of this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this

Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court in Alameda County and with the Clerk of the Northern District of California. (Wilson Dec. at ¶ 8).

## V.　DEFENDANT HAS SATISIFED THE REQUIREMENTS FOR DIVERSITY JURISDICTION

### A.　There Exists Diversity Between the Parties

13.　<u>Citizenship of FedEx Express</u>:  A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010).  FedEx Express was incorporated in Delaware with its principal place of business in Memphis, Tennessee. (Declaration of Shahram A. Eslami ["Eslami Dec."] at ¶ 3). Accordingly, FedEx Express is a citizen of the States of Delaware and Tennessee.

14.　<u>Citizenship of Plaintiff</u>:  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges he, at all times relevant to this action, was a resident of the County of Alameda, State of California. (Complaint, ¶ 2).  Accordingly, Plaintiff is a citizen of California.

15.　The citizenship of fictitiously-named "Doe" defendants is to be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(b)(1).  Moreover, "Doe" defendants named but not served are not joined in this Notice of Removal. *Savelson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

16.　Therefore, under 28 U.S.C. § 1332(a), this action is between parties who are citizens of different states:  Plaintiff, a citizen of California, and Defendant FedEx Express, a citizen of Delaware and Tennessee. Once the foregoing minimal diversity has been established, removal is proper under 28 U.S.C. § 1332(a). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)　　　　　　　　　　6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## B.    The Amount In Controversy Exceeds $75,000

17.    Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  However, "[i]n measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.")).

18.    In this case, "Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof and not to exceed $74,999.00 inclusive of general, special, and punitive damages; and attorney's fees and litigation costs . . ." (Complaint, Prayer for Relief).  The most reasonable interpretation of this prayer is that Plaintiff is capping his damages at $74,999.00 but is further seeking attorney's fees and costs.  Under this interpretation, the total amount in controversy easily exceeds $75,000.00, as Plaintiff's damages cap constitutes an admission the amount of damages in controversy, exclusive of attorney's fees and costs, is at least $74,999.00. *Viriyapanthu v. Am. Airlines*, 2016 U.S. Dist. LEXIS 137157, **8, 9 (C.D. Cal. October 3, 2016).  And attorney's fees and costs must be added to the damages in controversy to reach the total amount in controversy, as further discussed below.

19.    However, even if it is assumed Plaintiff attempted in his Prayer for Relief to cap his total recovery, including attorney's fees and costs, at $74,999.00, "[w]hen a complaint explicitly identifies the sum demanded and the defendant argues that a different sum is in controversy, the sum demanded will control unless it is established

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                         7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

that the state where the action was filed 'either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 26279, **322, 323 (N.D. Cal. February 19, 2019) (citing 28 U.S.C. § 1446(c)(2)(A)(ii)).  In addition, the sum demanded also does not control the amount in controversy where the Complaint seeks "nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A)(i).  Here, all three of these criteria are met.  First, in actions for personal injury in California the amount of the plaintiff's damages claims "shall not be stated."  Cal. Code Civ. Pro. § 425.10(b).  Since Plaintiff in this matter seeks damages for "severe pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses [and] expenses for psychological treatment and counseling," he has a claim for personal injury and was precluded from stating the amount of his damages claims.  Second, in California the specific amount demanded in a Complaint is not controlling in a contested case, such as this one (i.e., a case where an Answer has been filed by the defendant(s)).  Cal. Code Civ. Pro. § 580(a); Weil & Brown, Cal. Practice Guide:  Cal. Civil Procedure Before Trial (The Rutter Group 2023) ¶¶ 6:296-6:298, pp. 6-99, 6-100.  As long as there has been an adequate opportunity for discovery and the damage issues have been fully tried, the court has the power to render a judgment for greater relief than what was demanded in the Complaint.  *Id.*  Third, Plaintiff's Complaint in this case seeks nonmonetary relief in the form of a declaratory judgment and reinstatement.  Consequently, Plaintiff's demand "for specific sums, even if they are interpreted as capping all forms of relief, are not binding," and FedEx Express's evidence of the amounts in controversy may therefore be considered.  *In re Volkswagen, supra,* 2019 U.S. Dist. LEXIS at *323.  In that vein, "[i]n considering the evidence, the Court must determine whether a preponderance of it supports that the $75,000 threshold has been passed."  *Id.* at **323, 324; *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996) (the defendant only needs

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                    8

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

to show by a preponderance of the evidence [that it is more probable than not] that the plaintiff's claimed damages exceed the jurisdictional minimum).

20.    The arguments and facts set forth by FedEx Express may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)). Evidence establishing the amount is required only if the plaintiff, or court, challenges the defendant's allegations. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, there is no question the amount in controversy exceeds $75,000.00.

21.    <u>Lost Wages</u>. Plaintiff seeks lost past and future earnings. (Complaint, ¶ 29 and Prayer for Relief). Plaintiff claims he was ultimately terminated on July 23, 2023. (Complaint, ¶ 14). At the time of his termination, Plaintiff was a full-time employee earning $23.50 per hour. (Declaration of Karen Sasso ["Sasso Dec."] at ¶ 4). Assuming, Plaintiff averaged 35-hours per week, his average weekly earnings amount to approximately $3,290.00 per month ($23.50 x 35 hours x 4 weeks). Assuming *arguendo*, Plaintiff were to recover back wages from her last day worked until the present, this three-month period would equal approximately $9,870.00. If the case proceeds to trial a year from now, and Plaintiff remains unemployed, her back pay claim will be around $49,350.00 (e.g., 15 months x $3,290.00). In addition, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after trial, the amount of future wages in controversy in

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                    9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

this case would total at least an additional $78,960.00 in wages. Accordingly, Plaintiff's claim for lost wages alone is sufficient to satisfy the amount in controversy for purposes of diversity jurisdiction (i.e., $49,350.00 in back pay and $78,960.00 in front pay for a total amount of $128,310.00). This amount does not even include the wages Plaintiff lost while on medical leave prior to his termination, wherein he was receiving only 70% of his normal wages. (Wilson Dec. at ¶ 7). Per Plaintiff's Complaint, he was on medical leave from June 28, 2022, through his termination date of July 3, 2023. (Complaint, ¶¶ 18-21). Therefore, Plaintiff is alleging at least a $10,000.00 wage loss prior to his termination.

22. <u>Emotional Distress</u>. Plaintiff's claims for emotional distress are likewise properly considered in determining the amount in controversy. Although Plaintiff does not specify an amount, relatively recent cases illustrate that emotional distress damages alone in employment related claims may greatly exceed the minimum statutory amount in controversy, especially in a case like this where Plaintiff's alleged emotional distress is "severe and profound," and has generated "anxiety, depression, headaches, tension, and other physical ailments," resulting in Plaintiff incurring "medical expenses [and] expenses for psychological counseling and treatment." (Complaint, ¶ 28). For example, a jury in Sacramento County awarded a plaintiff $400,000 for his past pain and suffering, on causes of action for retaliation, failure to prevent retaliation, failure to provide reasonable accommodation and failure to engage in the interactive process. *Weyhe v. Wal-Mart Stores, Inc.*, No. G041362, 2010 WL 3411462 (Cal. Super. Ct. February 1, 2010). Similarly, in *Hernandez v. Regents of the University of California*, No. RG06272564, 2009 WL 6045700 (Cal. Super. Ct. 2009), a jury in Alameda County issued a $90,000.00 award for pain and suffering to a plaintiff-employee after the jury determined the plaintiff's employer wrongfully terminated her in retaliation for demanding reasonable accommodations.

23. <u>Attorney's Fees</u>. Plaintiff alleges causes of action for violations of the FEHA, and alleges he is entitled to attorney's fees and costs for each of those claims.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)

10

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

The FEHA allows a prevailing plaintiff to recover attorney's fees. Cal. Gov. Code § 12965(b). The Ninth Circuit held "a court must include future [post-removal] attorney's fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

24. The Court may take judicial notice of attorney's fee awards in similar cases. In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorney's fees on a claim for wrongful termination. *Angel v. Sutter Health, et al*, case number 2009-00055279. Similarly, in 2012 the Orange County California Superior Court awarded a single plaintiff $295,535.50 in attorney's fees on a claim for discrimination and failure to accommodate. *Vargas v. City of Long Beach*, case number 30-2009-00126342.

25. Defense counsel has over 20 years of experience litigating employment claims. In his opinion, if this case proceeds to trial, the attorney's fee exposure alone exceeds $75,000. (Wilson Dec. ¶¶ 2, 3).

26. Although the amount in controversy is satisfied even without considering attorneys' fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000.00 threshold.

27. Other Damages. Plaintiff also seeks an award of punitive damages and open-ended relief—i.e., "any other relief that is just and proper." These additional, unspecified damages claims also must be considered in determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount."); *see also, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                      11

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

though she pled in the complaint that she did not assert a claim in excess of $75,000.00).

28.    Although Defendant vigorously denies Plaintiff's allegations, if he prevails and establishes the requirements of California Civil Code Section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. 2013).

29.    The potential punitive damage award against a defendant such as FedEx Express alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994), the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct 'the plaintiff's claim for punitive damages' might alone exceed the jurisdictional minimum."

30.    It does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (internal quotations and citation omitted). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00.

Based upon the foregoing, Plaintiff's claims exceed the $75,000.00 jurisdictional limit of this Court required by the diversity statute. Additionally, as set forth above, this is a civil action between citizens of different states. Consequently, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                                12

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1332(a) and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), Defendant FedEx Express removes this case from the California Superior Court for the County of Alameda to the United States District Court, Northern District of California.

DATED: October 12, 2023          Respectfully submitted,

By: /s/ David S. Wilson, III
     DAVID S. WILSON, III
     Attorney for Defendant FEDERAL
     EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1970175 (302417)                    13

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On October 12, 2023, I served the within document(s): **DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446**

| | |
|---|---|
| ☑ | With the Clerk of the Court for the United States District Court-Northern District of CA by using the Court's CM/ECF system and thus service will be accomplished by the court's CM/ECF system to the person(s) as set forth below. |
| ☐ | By transmitting electronically the document(s) listed above to the email address(es) listed below. |
| ☑ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Jason J. Buccat, Esq.
**DOWNTOWN L.A. LAW GROUP, LLP**
910 South Broadway
Los Angeles, CA 90015
T (213) 389-3765
F (877) 389-2775
jason@downtownlalaw.com
Attorneys for Plaintiff, Yonatan Calderon

☑  *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 12, 2023, at Irvine, California.

*/s/ Michele Wilson*
Michele Wilson